UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Monica Stephens, *on behalf of herself and others similarly situated*, | ) ) ) | Civil Action No.: |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| Alltran Financial, LP, | ) ) | |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

**Nature of this Action**

1.  Monica Stephens ("Plaintiff") brings this class action against Alltran Financial, LP ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent.

3.  Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

**Jurisdiction and Venue**

4.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5.  Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and

1

transactions giving rise to Plaintiff's action occurred, in part, in this district, and as Defendant transacts business in this district.

## Parties

6. Plaintiff is natural person who at all relevant times resided in Atlanta, Georgia.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is an entity headquartered in Houston, Texas.

9. Defendant "specializes in revenue cycle, accounts receivable, and contact center solutions within healthcare, financial services, higher education, and government industries[.]" https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapid=6500002 (last visited June 26, 2017).

10. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect a "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant's website includes a statement that reads:

> We understand that you may provide to Alltran through this Site, some information about yourself that you consider confidential. You may also provide certain financial information, such as credit card information. You agree to our collection, use and sharing of information as described in our Privacy Policy. You specifically agree that we may contact you through any contact information provided by you, including email, text, fax, telephone, mail, or any other method, and that provision of such information constitutes full and sufficient by you under all laws and regulations. *Your consent includes permission for us to utilize different methods of contacting you including use of an auto dialer to call you, texts, prerecorded messages, e-mail or other means.*

http://alltran.com/terms/ (last visited June 26, 2017) (emphasis added).

13. Defendant's website also includes a statement that reads:

To better serve our clients, we have selected the right mix of technology to maximize internal operational efficiency and client reporting. Alltran is supported by several collection-specific technologies provided by Ontario Systems. This flexible, configurable system offers our clients the following key elements:

- First Party Collection provided by Artiva Healthcare
- Third Party Collection provided by Artiva Agency
- T*elephony – Predictive dialers, call routing, and call management logistics*
- Networking – Cisco and Juniper routing, switching, firewall controls, and VPNs
- Compliant Management Applications
- SAS Analytics Platform
- Workstations – Windows 7 & 8
- Servers – Microsoft Windows Server 2008, 2012, and Red Hat Enterprise Linux 6
- Services – Secure FTP (SFTP), Secure Email (Zix), Secure Access (SecureLink)
- Network Security – TippingPoint intrusion detection, Sophos Web Filtering
- Workstation Security – Microsoft EMET, Sophos Anti-Malware
- Monitoring – AlienVault, PRTG, Foglight, Tenable Nessus External Scanning
- Data Management Platform
- Digital call recording

http://alltran.com/industries/healthcare/technology/ (last visited June 26, 2017) (emphasis added).

14. Defendant's former dialer operations manager's LinkedIn profile reads, in part:

Manager Dialer Operations/Client Analyst
Company NameAlltran
Dates EmployedApr 2015 – Present

Employment Duration2 yrs 3 mos

Responsible for management and implementation of all predictive and agentless dialer campaigns. Overseas a team of Dialer operators who run and monitor day to day operations of all dialer campaigns.

Works closely with IT department to create and implement new strategies. Works closely with telephony department to troubleshoot campaign and ACD issues.

Point of contact for all dialer related enquires. Works closely with senior management to implement, and recommend [sic] dialer and contact strategy.

Manages ACD queues and makes strategic recommendations [sic] of call routing to maximize efficiency.

> Develop reports based on client metrics. Analyse [sic] internal control reports and provide root cause to fortune 500 clients.

https://www.linkedin.com/in/james-stauber-469199103/ (last visited June 26, 2017)

### Factual Allegations

15. Sometime in 2017, Defendant began placing calls to Plaintiff's cellular telephone number—(770) 729-XXXX.

16. For example, Defendant placed at least one call to Plaintiff's cellular telephone number on March 24, 2017, March 29, 2017, April 3, 2017, and April 17, 2017.

17. Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number.

18. Defendant placed calls to Plaintiff's cellular telephone number from (281) 901-6991 and (832) 615-8408—both of which play a recording when dialed that states: "Thank you for calling Alltran Financial . . . ."

19. Defendant's calls were intended for someone other than Plaintiff.

20. Defendant also left voice messages with Plaintiff's cellular telephone voice message service.

21. Defendant's voice messages were intended for someone other than Plaintiff.

22. Plaintiff returned a number of Defendant's calls.

23. On approximately three separate occasions Plaintiff spoke with Defendant, informed Defendant that she was not the individual it was attempting to reach, and asked Defendant to stop placing calls to her cellular telephone number.

24. Defendant responded by agreeing to take Plaintiff's cellular telephone number off of its call list.

25. Defendant, nonetheless, continued to place calls to Plaintiff's cellular telephone number.

26. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

27. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

29. Plaintiff is not, nor was, one of Defendant's customers.

30. Plaintiff does not have, nor had, a business relationship with Defendant.

31. Plaintiff did not provide Defendant with her cellular telephone number.

32. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

33. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

34. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number in connection with its attempt to collect a consumer debt in default.

35. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

36. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

37. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

38. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls to Plaintiff's cellular telephone number.

39. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

40. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

41. As well, Defendant's calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

42. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

43. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service.

**Class Allegations**

44. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes:

> *TCPA class*: All persons and entities throughout the United States (1) to whom Alltran Financial, LP placed, or caused to be placed, more than one call (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Alltran Financial, LP's calls—in that the intended recipient of the calls was not a subscriber to, or customary user of, the telephone number, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within four years preceding the date of this complaint though the date of class certification.
>
> *FDCPA class*: All persons throughout the United States (1) to whom Alltran Financial, LP placed, or caused to be placed, calls, (2) within one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) where the person called by Alltran Financial, LP was not the person alleged to owe the debt.

45. The proposed classes specifically exclude the United States of America, the State of Georgia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States

Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

46. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

47. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

48. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

49. In addition, the classes are ascertainable because, upon information and belief, cellular telephone numbers, names, and addresses of the members of the classes can be identified in business records maintained by Defendant and by third parties.

50. There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

51. Plaintiff's claims are typical of the claims of the members of the classes.

52. As it did for all members of the classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. § 227.

53. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

54. Plaintiff's claims are based on the same theory as are the claims of the members of the classes.

55. Plaintiff suffered the same injuries as each of the members of the classes.

56. Plaintiff will fairly and adequately protect the interests of the members of the classes.

57. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

58. Plaintiff will vigorously pursue the claims of the members of the classes.

59. Plaintiff has retained counsel experienced and competent in class action litigation.

60. Plaintiff's counsel will vigorously pursue this matter.

61. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

62. Questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

63. Issues of law and fact common to all members of the classes are:

   a. Defendant's violations of the TCPA;

   b. Defendant's violations of the FDCPA;

   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   d. Defendant's practice of calling wrong or reassigned phone numbers;

   e. The availability of statutory penalties; and

   f. The availability of attorneys' fees and costs.

64. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

65. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

66. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

67. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

68. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

69. The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

70. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

71. There will be little difficulty in the management of this action as a class action.

72. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

73. Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-72.

74. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

## Count II
## Violation of 15 U.S.C. § 1692d

75. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-72.

76. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## Trial by Jury

77. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the proposed TCPA class.

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

g) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

11

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: July 10, 2017

/s/ Shireen Hormozdi
Shireen Hormozdi
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@norcrosslawfirm.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on July 10, 2017, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Shireen Hormozdi
Shireen Hormozdi